McCONNELL, Circuit Judge,
concurring.
I concur in the majority’s disposition of this case, but do so on the basis of AEDPA deference. Although the Wyoming Supreme Court’s decision in Brown v. Wyoming, 953 P.2d 1170, 1178 (Wy.1998), is inconsistent with current precedent, I do not believe it was “contrary to clearly established federal law” at the time it was rendered. A decision is contrary to clearly established federal law if the state court “arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law.” Williams v. Taylor, 529 *1229 U.S. 362, 364, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).
The Wyoming Supreme Court applied the precedent of Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), under which testimonial evidence from unavailable witnesses could be admitted in a criminal trial if the statements bore “particularized guarantees of trustworthiness.” Id. at 66, 100 S.Ct. 2531. The Supreme Court has recently described this as an “amorphous” and “unpredictable” “balancing test.” Crawford v. Washington, 541 U.S.-, 124 S.Ct. 1354, 158 L.Ed.2d 177 (Mar.2004). In light of the amorphous and unpredictable character of the test, I am skeptical that any particular application can accurately be described as “arrivfing] at a conclusion opposite to that reached” by the Supreme Court.
The mere mention by the Wyoming Supreme Court of the voluntariness of Vena’s confession does not, by itself, make the opinion “diametrically different” from Lee v. Illinois, 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986). A decade after Lee, this Court made reference to voluntariness in the course of discussing the reliability of a co-defendant’s confession. See Earnest v. Dorsey, 87 F.3d 1123, 1134 (10th Cir.1996). Consistent with Earnest, Lee is best understood not as meaning that any reference to voluntariness is impermissible, but that evidence of voluntariness is not sufficient to establish a statement’s reliability.
Nor was the Wyoming Supreme Court’s discussion of corroborating evidence contrary to clearly establishment federal law. In Idaho v. Wright, 497 U.S. 805, 822, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), the Supreme Court held that hearsay evidence admitted against a criminal defendant under the residual hearsay exception “must possess indicia of reliability by virtue of its inherent trustworthiness, not by reference to other evidence at trial.” The Court stated that “the ‘particularized guarantees of trustworthiness’ required for admission under the Confrontation Clause must likewise be drawn from the totality of circumstances that surround the making of the statement and that render the declarant particularly worthy of belief.” Id. at 820, 110 S.Ct. 3139. The Court rejected the use of corroborating evidence to establish reliability on the ground that this “would permit admission of a presumptively unreliable statement by bootstrapping on the trustworthiness of other evidence at trial.” Id. at 823, 110 S.Ct. 3139.
The Wyoming Supreme Court’s reference to corroborating evidence was as follows:
Finally, Vena provided a level of detail about the crime and the location of evidence that would be difficult to fabricate, that indicated intimate knowledge of the crime, and that was substantially corroborated when officers located shotgun parts and spent shells along the interstate.
Brown v. State, 953 P.2d at 1180 (citation omitted). This arguably was not the type of reference to corroborating evidence condemned in Idaho v. Wright. The Wyoming court said only that the confession contained a high level of detail, indicating intimate knowledge of the crime; it was these details (the location of shotgun shells and spent shells, which no one could have known who did not participate in the crime) that established its reliability. This is arguably distinguishable from Wright, where the state attempted to defend the reliability of hearsay testimony because of the existence of independent evidence in support of the same conclusion. The location of the shotgun shells and spent shells arguably fall within the permissible category of evidence bearing on the “totality of circumstances that surround the making of *1230 the statement and that render the declar-ant particularly worthy of belief,” Wright, 497 U.S. at 820, 110 S.Ct. 3139, as opposed to “bootstrapping on the trustworthiness of other evidence at trial.” Id. at 823, 110 S.Ct. 3139.
We know now that Lee and Wright were steps in the Supreme Court’s path away from the “indicia of reliability” approach of Roberts, and toward a more “categorical” enforcement of the original meaning of the Confrontation Clause. Crawford, — U.S. at-, 124 S.Ct. 1354. For purposes of habeas review under AEDPA, however, the question is not whether the state court decision was correct, but whether it violated “clearly established” federal law as reflected in Supreme Court decisions at the time.
Indeed, one of the reasons for jettisoning the “indicia of reliability” approach was its “unpredictable” character. See Crawford, — U.S. at-, 124 S.Ct. 1354. 27 (“Reliability is an amorphous, if not entirely subjective, concept. There are countless factors bearing on whether a statement is reliable; the nine-factor balancing test applied by the Court of Appeals below is representative. Whether a statement is deemed reliable depends heavily on which factors the judge considers and how much weight he accords each of them.”) (citation omitted). In light of the “amorphous” and “subjective” character of the inquiry in which it was engaged, I cannot say that the decision of the Wyoming Supreme Court was in violation of “clearly established” principles of federal law.
Accordingly, I concur in the judgment affirming the district court’s dismissal of the petition for habeas review.